**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(CIVIL)**

| | |
|---|---|
| DAVID MICHAEL BOSNIC )<br>1712 January Drive #102 )<br>Silver Spring, MD  20904 )<br>)<br>            Plaintiff, )<br>)<br>    v. )<br>)<br>ELI LILLY AND COMPANY )<br>Lilly Corporate Center )<br>Indianapolis, IN 46285 )<br>)<br>            Defendant. ) | Civ. Act. No. 06CV1740 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT ELI LILLY AND COMPANY**

Defendant Eli Lilly and Company ("Lilly"), by its counsel, responds to plaintiff's Complaint as follows:

1. Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly denies the allegations contained in Paragraph 2 of the Complaint, except (i) admits that it researched, tested, developed, manufactured, marketed, and sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications and with FDA-approved warnings regarding the risks and benefits of the medication; (ii) admits that at certain times Lilly has been authorized to do business in the District of Columbia; (iii) admits that Zyprexa is a psychotropic agent that belongs in the thienobenzodiazepine class of medications also known as "atypical antipsychotics"; and (iv) is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 2 of the Complaint regarding plaintiff's prescriptions for Zyprexa.

## COUNT I
### (Negligence)

3. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint.

4. Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II
### (Strict Liability)

6. Lilly incorporates the responses to Paragraphs 1 through 5, above, as if fully set forth herein.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint, including the allegations that (i) Zyprexa had "dangerous propensities" or "substantial dangers"; and (ii) there is a "likelihood the user would develop diabetes."

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint, including the allegation that Zyprexa had "defects."

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint, including the allegation that Zyprexa had "dangerous propensities."

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint, including the allegation that Zyprexa had "defects."

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty)

15. Lilly incorporates the responses to Paragraphs 1 through 14, above, as if fully set forth herein.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint, except admits that (i) it researched, developed, tested, manufactured, marketed, and sold Zyprexa with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time; and (ii) sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation)

20. Lilly incorporates the responses to Paragraphs 1 through 19, above, as if fully set forth herein.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint, except admits that (i) it researched, developed, tested, manufactured, marketed, and sold Zyprexa with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time; and (ii) sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance

with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint, except Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation contained in Paragraph 22 of the Complaint relating to reliance of "plaintiff and his attending physicians."

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
### (Punitive Damages)

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

### ANSWERING PLAINTIFF'S JURY DEMAND

26. Lilly admits that plaintiff has demanded a jury trial in this action.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Lilly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Zyprexa was manufactured and labeled in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiff's Legal Committee</u>, 531 U.S. 341 (2001).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") is charged under the law with regulating prescription drugs, including Zyprexa, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the plaintiff's Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, plaintiff's prescribing physicians were

in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Lilly.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiff's failure to exercise reasonable care and diligence to mitigate their alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because there is no privity of contract between plaintiff and Lilly; plaintiff failed to give timely notice of any alleged breach of warranty to Lilly; plaintiff did not reasonably rely on any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States because Lilly's commercial speech regarding Zyprexa was neither false nor misleading.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Lilly alleges that plaintiff was fully informed of the risks of the use of Zyprexa by their treating physicians, and the informed consent given by plaintiff is pleaded as an affirmative defense.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, on grounds including the following:

  (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  (b) Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different

alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    (c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (e)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (f)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (g)  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

    (h)  The award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

    (i)  The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**FIFTEENTH AFFIRMATIVE DEFENSE**

With respect to plaintiff's demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

**SIXTEENTH AFFIRMATIVE DEFENSE**

The injuries or damages allegedly sustained by plaintiff can be attributed to several causes and accordingly should be apportioned among the various causes according to respective contribution of each such cause to the harm sustained, if any.  If any liability is found against Lilly, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of Lilly to plaintiff for non-economic loss shall be limited, and shall not exceed Lilly's equitable share.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's purported allegations of misrepresentation and fraud do not comply with either Rule 9(b) of the Federal Rules of Civil Procedure, District of Columbia common law, or the common law of any other State or Commonwealth of the United States whose laws might

be deemed controlling in this case in that they fail to state a cause of action as a matter of law because, among other deficiencies, plaintiff fails to plead with particularity any misrepresentation as to a material fact and/or reliance on the part of plaintiff upon any such misrepresentation.

Lilly hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

Dated:  October 12, 2006                                                  Respectfully submitted,

OF COUNSEL:                                                               */s/ Charles H. Carpenter*
Nina M. Gussack                                                           Charles H. Carpenter (*DC Bar No.* 432004)
PEPPER HAMILTON LLP                                                       George A. Lehner (*DC Bar No.* 281949)
3000 Two Logan Square
18th & Arch Streets                                                       PEPPER HAMILTON LLP
Philadelphia, PA  19103-2799                                              Hamilton Square
Telephone:  215-981-4000                                                  600 Fourteenth Street, N.W.
Fax:  215-981-4750                                                        Washington, D.C.  20005-2004
E-mail:  gussackn@pepperlaw.com                                           Telephone:  202-220-1200
                                                                          Facsimile:  202-220-1665
                                                                          E-mail:  carpentc@pepperlaw.com
Janet C. Goldberg                                                                     lehnerg@pepperlaw.com
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.                                               *Attorneys for Defendant*
Washington, DC  20005-2004                                                *Eli Lilly and Company*
Telephone:  202-220-1200
Fax:  202-220-1665
E-mail:  goldbergj@pepperlaw.com