**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID MICHAEL BOSNIC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELI LILLY AND COMPANY, )<br>)<br>Defendant. )<br>) | Civ. Act. No. 1:06-cv-01740-RWR |

**CONSENT MOTION FOR STAY OF ALL PROCEEDINGS AND
CONTINUANCE OF ALL ACTIONS REQUIRED BY THE
<u>ORDER FOR INITIAL SCHEDULING CONFERENCE</u>**

Comes now, Defendant Eli Lilly and Company, by and through the undersigned counsel, and with the consent of Plaintiff David Michael Bosnic, moves for a stay of all proceedings and continuance of all actions required by counsel under the Order for Initial Scheduling Conference. In support of said motion, Defendant states as follows:

1. On November 28, 2006, the Judicial Panel on Multidistrict Litigation ("MDL") for *In re: Zyprexa Product Liability Litigation*, MDL Docket No. 1596, in the Eastern District of New York approved Conditional Transfer Order ("CTO-74"). *See* CTO-74, attached as Exhibit A.

2. CTO-74 transferred this case to the MDL for discovery, where it has been assigned case number 06CV6446.

3. The Judicial Panel coordinates discovery among numerous suits filed against Eli Lilly related to Zyprexa.

4. In light of the Judicial Panel's approval of CTO-74, Defendant seeks the stay, postponement or cancellation of all actions required by counsel pending the outcome of the MDL

-2-

proceedings, including: (i) the requirement that counsel submit a joint statement addressing all topics listed in LcvR 16.3(c); and (ii) the Initial Conference scheduled for March 16, 2007 before Judge Richard W. Roberts.

        5.  Plaintiff's counsel consents to this motion.

        WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant a stay of all proceedings and a continuance of all actions required by counsel under the Order for Initial Scheduling Conference, pending the outcome of the MDL proceedings.

Dated: March 7, 2007

Respectfully submitted,

*/s/ Charles H. Carpenter*

OF COUNSEL:
Nina M. Gussack
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: 215-981-4000
Facsimile: 215-981-4750
E-mail: gussackn@pepperlaw.com

Charles H. Carpenter (*DC Bar No.* 432004)
George A. Lehner (*DC Bar No.* 281949)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Telephone: 202-220-1200
Facsimile: 202-220-1665
E-mail: carpentc@pepperlaw.com
       bethunew@pepperlaw.com
*Attorneys for Defendant*
*Eli Lilly and Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID MICHAEL BOSNIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 1:06-cv-01740-RWR |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER GRANTING STAY AND CONTINUANCE

Upon consideration of the Consent Motion for Stay and Continuance, it this _____ day of March 2007,

ORDERED, that the Consent Motion is GRANTED, and that there shall be a stay of all proceedings and a continuance of all actions required by counsel under the Order for Initial Scheduling Conference, pending the outcome of proceedings before the Judicial Panel on Multidistrict Litigation (MDL) for *In re: Zyprexa Product Liability Litigation*, MDL Docket No. 1596, in the Eastern District of New York.

_____
Hon. Richard W. Roberts
United States District Judge

Copies to:

Charles H. Carpenter, Esq. (*carpentc@pepperlaw.com*)
Aaron M. Levine, Esq. (*aaronlevinelaw@aol.com*)

Exhibit A

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

November 8, 2006

TO INVOLVED COUNSEL

Re: MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached CTO-74)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: November 27, 2006 (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By: Mecca S. Carter
Deputy Clerk

Attachments

JPML Form 39

RECEIVED NOV 1 4 2006

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-74)

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 314 F.Supp.2d 1380 (J.P.M.L. 2004). Since that time, 1,458 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of April 14, 2004, and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# SCHEDULE CTO-74 - TAG-ALONG ACTIONS
## DOCKET NO. 1596
## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA SOUTHERN** | |
| ALS 1 06-640 | Kimberly A. Bailey v. Eli Lilly & Co. |
| ALS 1 06-641 | Janet Beck v. Eli Lilly & Co. |
| ALS 2 06-656 | Shirley Watkins v. Eli Lilly & Co. |
| **DISTRICT OF COLUMBIA** | |
| DC 1 06-1740 | David Michael Bosnic v. Eli Lilly & Co. |
| DC 1 06-1741 | Sage Brooks v. Eli Lilly & Co. |
| **IOWA NORTHERN** | |
| IAN 1 06-126 | Jeffrey Lucas v. Eli Lilly & Co. |
| **ILLINOIS SOUTHERN** | |
| ILS 3 06-675 | Victoria Smith v. Eli Lilly & Co. |
| **LOUISIANA EASTERN** | |
| LAE 2 06-7160 | Lovie King v. Eli Lilly & Co. |
| LAE 2 06-7161 | Dwight Jackson v. Eli Lilly & Co. |
| **LOUISIANA MIDDLE** | |
| LAM 3 06-750 | Noel Dixon v. Eli Lilly & Co. |
| **MINNESOTA** | |
| MN 0 06-3613 | Lina Quinonez, et al. v. Eli Lilly & Co. |
| MN 0 06-3884 | Ronni Haling v. Eli Lilly & Co. |
| MN 0 06-3885 | Sheila Durant v. Eli Lilly & Co. |
| MN 0 06-4100 | Fannie Robinson, et al. v. Eli Lilly & Co. |
| MN 0 06-4102 | Mattie Burley, et al. v. Eli Lilly & Co. |
| **TEXAS EASTERN** | |
| TXE 5 06-204 | Harry Campbell, et al. v. Eli Lilly & Co. |
| TXE 5 06-208 | Mary Kern, et al. v. Eli Lilly & Co. |
| TXE 5 06-209 | James Camp v. Eli Lilly & Co. |
| **TEXAS NORTHERN** | |
| TXN 3 06-1696 | Maria Bautista, et al. v. Eli Lilly & Co. |
| TXN 3 06-1697 | Sabrina Richardson, et al. v. Eli Lilly & Co. |
| TXN 3 06-1735 | Elda Gonzalez, et al. v. Eli Lilly & Co. |
| TXN 5 06-229 | Nick Castronovo v. Eli Lilly & Co. |
| **TEXAS SOUTHERN** | |
| TXS 4 06-2896 | Lawrence Nixon v. Eli Lilly & Co. |

INVOLVED COUNSEL LIST (CTO-74)
DOCKET NO. 1596
IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

Samuel J. Abate, Jr.
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10167

Floyd Kenneth Bailey
Bailey Perrin Bailey, LLP
The Lyric Center
440 Louisiana Street
Suite 2100
Houston, TX 77002

Thomas F. Campion, Jr.
Drinker, Biddle & Reath, L.L.P.
500 Campus Drive
Florham Park, NJ 07932-1047

Charles H. Carpenter
Pepper Hamilton, LLP
600 14th Street, NW
Washington, DC 20005-2008

Davina ShaRik Carson
Fargre & Benson, LLP
90 South 7th Street
Suite 2200
Minneapolis, MN 55402-3901

Andrew G. Finkelstein
Finkelstein & Partners, LLP
436 Robinson Avenue
Newburgh, NY 12550

Kathleen Anne Frazier
Shook, Hardy & Bacon, LLP
600 Travis Street
Suite 1600
Houston, TX 77002

Nina M. Gussack
Pepper Hamilton, LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103-2799

Kathryn S. Harrington
Hollis & Wright, PC
Financial Center
505 North 20th Street
Suite 1500
Birmingham, AL 35203

Larry D. Helvey
Moyer & Bergman, P.L.C.
2720 First Avenue, NE
P.O. Box 1943
Cedar Rapids, IA 52406-1943

Tor A. Hoerman
SimmonsCooper, LLC
707 Berkshire Boulevard
East Alton, IL 62024

Aaron M. Levine
Aaron M. Levine & Associates, PA
1320 19th Street, N.W.
Suite 500
Washington, DC 20036

Alan Daniel Mathis
Johnston, Barton, Proctor & Powell, LLP
AmSouth/Harbert Plaza
1901 6th Avenue North
Suite 2900
Birmingham, AL 35203-2618

David P. Matthews
Abraham Watkins Nichols Sorrels
Matthews & Friend
800 Commerce Street
Houston, TX 77002-1776

Ted G. Meadows
Beasley, Allen, Crow, Methvin,
Portis & Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

James C. Orr, Jr.
Heygood Orr Reyes & Bartolomei
909 Lake Carolyn Pkwy
17th Floor
Irving, TX 75039

Gale Diane Pearson
Pearson, Randall & Schumacher, PA
400 South 4th Street
Suite 1012
Minneapolis, MN 55415

Robert L. Salim
1762 Texas Street
P.O. Box 2069
Natchitoches, LA 71457-2069

Christopher A. Seeger
Seeger Weiss, LLP
550 Broad Street
Suite 920
Newark, NJ 07102-4573

Jennifer J. Spencer
Fulbright & Jaworski, L.L.P.
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784

Justin Kurt Truelove
Patton & Tidwell
4605 Texas Boulevard
P.O. Box 5398
Texarkana, TX 75503-5398

Joseph L. Tucker
Jackson & Tucker, P.C.
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203-4203

Frank Woodson
Beasley, Allen, Crow, Methvin, Portis &
Miles, PC
P.O. Box 4160
Montgomery, AL 36103-4160

Charles S. Zimmerman
Zimmerman Reed, PLLP
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402-4123

RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:   MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.